CHANEL KATIRAIE, Esq. SBN 315825
AARON G. FILLER, Esq. SBN 302956
Tensor Law, P.C.
2716 Ocean Park Blvd, #3082
Santa Monica, California 90405
Tel: (310) 450-9689
Fax: (310) 496-3176

Attorneys for Plaintiff
 Paz De La Huerta

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PAZ DE LA HUERTA,<br><br>            Plaintiff,<br>     vs.<br><br>HARVEY WEINSTEIN, an individual; THE WEINSTEIN COMPANY, a Delaware LLC; FOUR SEASONS HOTELS, LTD, a Canadian Corporation ; BURTON WAY HOTELS, LTD, a California Limited Partnership; BURTON WAY HOTELS LLC, a Delaware LLC; and DOES 1 to 25, inclusive,<br><br>            Defendants. | Case No.  2:19-cv-02183<br><br>Assigned for all purposes to:<br> Hon. Otis D. Wright II<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL**<br><br>Hearing Date: April 22, 2019<br>Time:<br>Courtroom:<br><br>Complaint Filed: November 12, 2018<br>FAC Filed:      February 4, 2019<br>Trial Date:     Not Yet Set |

-1-
PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

# SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

### *1. Background*

As Plaintiff has argued in her Motion to Remand and in Reply to the Response of Defendant Four Seasons to Plaintiff's Motion for Remand, the Notice of Removal was untimely, being filed 31 days after Defendant Four Seasons was served with the First Amended Complaint for the second time. Additionally, Four Seasons failed to obtain consent of Defendant Harvey Weinstein, nor did Four Seasons even assert that it had obtained consent.

Defendant Four Seasons incorrectly asserts diversity jurisdiction. Four Seasons shows in its Notice of Removal that it was aware that Harvey Weinstein had been properly joined and served so that Four Seasons erroneously asserted diversity jurisdiction. Four Seasons errs in this because there must be complete diversity, e.g. all of the defendants must be non-California defendants, and it is not sufficient that only one of the defendants be a non-California defendant to establish diversity jurisdiction.

Harvey Weinstein was properly served on November 30, 2018 (see Exhibit A). Plaintiff was preparing to file a default for failure to appear, but was contacted by counsel for Weinstein, on February 18, 2019 and Plaintiff then granted an extension of time to respond through March 15, 2019 (see Exhibit B) and served with the FAC on February 20, 2019. Then on March 11, 2019, counsel for Weinstein again contacted Plaintiff and was granted a further extension to March 29, 2019 (see Exhibit C). Further, On March 25, 2019, counsel for Weinstein emailed a third time asking for a further extension until ten days after this Motion for Remand had been resolved (see Exhibit D). Weinstein has now filed a Notice of Appearance and a Consent to removal on April 18, 2019 (Docket #20 and 21), 57 days after Defendant Weinstein was served with the filed FAC.

*2. Argument*

Although, Plaintiff concedes that her pleading of 28 USC §1591 and §1595 in the First Amended Complaint does provide Subject Matter Jurisdiction for Removal, she also asserts that the Notice of Removal is defective on the consent issue as well as being untimely.

There is a circuit split on the impact of the requirement for consent of all served defendants. In *Proctor v. Vishay Intertechnology* 584 F.3d 1208, 1224 (9th Cir. 2009), the Ninth Circuit followed the Sixth Circuit in allowing a single attorney filing a timely Notice of Removal to aver consent from all other defendants while noting that the Fifth, Seventh and Eighth Circuits require a separate timely filed consent from each Defendant. Subsequently, in 2012, the Second Circuit also declared that a separate consent must be provided by each Defendant within the 30 day window, *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir.2012). Here, Defendant Four Seasons removed without obtaining consent from Harvey Weinstein and without even asserting consent, thus rendering the Notice of Removal defective in addition to being untimely.

The Ninth Circuit has allowed cure of the consent defect as long as consent is provided before judgment, *Destifino v. Reiswig* 630 F.3d 952 (2011), citing to *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002). However, in *Destifino*, this issue was not raised by Plaintiff until the Eastern District of California had expended considerable time and effort adjudicating the case. Here, Four Seasons filed its Motion for Removal at 4:30 pm Friday March 22nd and Plaintiff has filed the Motion for Remand at 8:15 in morning of Monday March 25th, effectively before 30 minutes of Court time had elapsed since the Notice of Removal was filed and before the case had been assigned to any judge.

It cannot be *meaningless* that **strict interpretation** of 28 USC §1446 in favor of remand is required:

> The removal statute is "strictly construe[d] ... against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam). "Where doubt regarding

-3-

PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003).

*Anderson Plant LLC v. Batzer Construction* 2015 WL 4572294 (ND-Cal 2015).

The statute is unambiguous:

(2)(A) ***When*** a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served ***must*** join in or consent to the removal of the action.

28 USC §1446(b)(2)(A). The word "***when***" here as to "***when*** a civil action is removed" clearly refers to the time and date of removal. It then goes on to state "***must***" as to "all defendants who have been properly joined and served ***must*** join in consent." It is wholly unambiguous that the consent must be obtained when the civil action is removed, and it is improper for the Court to substitute an alternate statute stating for instance "after a civil action is filed" or "eventually." It is clear and beyond doubt that "When" here refers to the time of filing.

For instance, if this were not the case, a Court could spend two years issuing a series of complex published decisions in a matter only to learn just before judgment that one of the defendants refused to consent. At that time, it will be established that the US District Court never had jurisdiction and the entire two years of work was wasted and of no application to the matter, which would then need to be remanded to start over.

Then Ninth Circuit's ruling in *Destifino* should not be applied under the conditions of this case and cannot be held to override *Gaus* as to strict interpretation. The fact that Weinstein has now given consent more than 30 days after he was served with the First Amended Complaint is insufficient to defeat the Motion for Remand. Should the Court feel obligated to follow *Destifino* over *Gaus* in this, ruling, Plaintiff asks the Court to simultaneously consider Certification for Interlocutory Appeal before proceeding with a long complex litigation, extraordinarily stressful for Paz De La Huerta in that it includes credible allegations of rape and intentional humiliation against late consenting defendant Harvey Weinstein, with enormous public attention, only to learn that the entire litigation

was conducted with no jurisdiction if the challenge to removal is subsequently successful.

Failure to obtain consent from all defendants has been held to be fatal to a removal, *Hess v Great Atlantic & Pacific Tea Company*, Inc. 520 F.Supp. 373 (ND-ILL 1981) (where a defendant failed to give consent to removal because it was not yet prepared to appear). Even more to the point, if Four Seasons succeeds in a Motion to Dismiss, so that the case continues against only Defendant Harvey Weinstein for his actions in New York, there is a high probability the case would be transferred to SD-NY where the sexual assaults took place, and 2nd Circuit law would then apply. Plaintiff advances that the Court should therefore rely on *Bedminster Financial Group Ltd. v. Umami Sustainable Seafood Inc*. 2013 WL1234958 SD-NY 2013 for guidance, rather than looking to Ninth Circuit law where a Circuit split affects rulings on remand for lack of consents at the time of removal.

In *Bedminster*, the court first points out that the burden of proof for establishing that the Removal is not defective falls upon the party filing the Notice of Removal when there is a Motion for Remand filed by the Plaintiff, *Goel v. Ramachandran*, 823 F.Supp.2d 206, 210 (SD-NY 2003). The decision in the current matter is therefore mandated in favor of remand:

> In this Circuit, however, district courts "have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir.2012)

*Bedminster at* *5.

If this Court adheres to the Ninth Circuit's strained logic on late cure of consent to removal, and denies the Motion for Remand, then the issue of any success by the Removing party – Four Seasons – in obtaining dismissal will render the case remandable later in the litigation. However, at that point, Plaintiff's 30 day window to file a Motion for Remand will have elapsed thereby unfairly prejudicing Plaintiff.

Although Weinstein has filed a consent to removal on April 18th, it is far past 30

PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

1 days from the date it was served with the First Amended Complaint.

2   For the reasons stated above, Plaintiff asks again that the Court find the Motion for Removal to be defective and to remand the case to California Superior Court.

Date: April 18, 2019

AARON G. FILLER, Esq.
Tensor Law P.C.

By:_____
Aaron G. Filler, Esq.

Aaron G. Filler, Esq.
Chanel Katiraie, Esq.
TENSOR LAW PC
Attorneys for Plaintiff,

PAZ DE LA HUERTA

-6-
PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

# PROOF OF SERVICE

## US DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2716 Ocean Park Blvd, #3082, Santa Monica, CA 90405.

On April 19, 2019 I served the foregoing document(s) described as

PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of TENSOR LAW, P.C., and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _FEDERAL EXPRESS to receive said documents, with delivery fees provided for. I am readily familiar with the practices of TENSOR LAW P.C., for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by FEDERAL EXPRESS on said date in the ordinary course of business as to parties not ECF-registered.

☒ **(BY THE COURT'S ECF SYSTEM)** I caused each such document(s) to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Central District of California, Western Division on all ECF-registered parties in the action.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 19, 2019 at Santa Monica, California

Jodean Petersen                                           *(signature)*
_____            _____
Type or Print Name                                        Signature

-7-

PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL

-8-

<u>PAZ DE LA HUERTA v. HARVEY WEINSTEIN, ET AL</u>
**US DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
<u>SERVICE LIST</u>

| | |
|---|---|
| Carol Baidas, Esq.<br>Philip K. Schrieffer, Esq.<br>**P.K. SCHRIEFFER LLP**<br>100 North Barranca Street, Suite 1100<br>West Covina, CA 91791<br>Phone: (626) 373-2444<br>Facsimile: (626) 974-8403<br>*pks@pksllp.com*<br>*cab@pksllp.com* | Attorneys for Defendants:<br><br>THE FOUR SEASONS HOTELS LTD<br>BURTON WAY HOTELS LTD<br>BURTON WAY HOTELS LLC |
| Phyllis Kupferstein<br>**KUPFERSTEIN MANUEL LLP**<br>865 South Figueroa Street, Suite 3338<br>Los Angeles, California 90017<br>213-988-7531 main<br>213-988-7532 fax<br>pk@kupfersteinmanuel.com | Attorneys for Defendant:<br><br>HARVEY WEINSTEIN |

/S/ Aaron G. Filler

PLAINTIFF'S SUPPLEMENTAL BRIEF AS TO CONSENT FOR REMOVAL