O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| PAZ DE LA HUERTA,<br><br>    Plaintiff,<br><br>    v.<br><br>HARVEY WEINSTEIN et al.,<br><br>    Defendants. | Case №: 2:19-CV-02183-ODW (JCx)<br><br>**ORDER GRANTING**<br><br>**MOTION FOR REMAND [4]** |

## I. INTRODUCTION

Presently before the Court is Plaintiff's Motion for Remand ("Motion"). (ECF No. 4.) For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.[1]

## II. FACTUAL BACKGROUND

Plaintiff Paz De La Huerta initiated this action against Defendants Harvey Weinstein, the Weinstein Company, Four Seasons Hotels, LTD, Burton Way Hotels, LTD, and Burton Way Hotels LLC, in the Superior Court of California, County of Los Angeles, in November 2018. (Notice of Removal Ex. A ("Compl."), ECF No. 1-1.) Through her initial Complaint, Plaintiff asserted five state-law causes of action. (*See* Compl.) By December 2018, Plaintiff had formally served Four Seasons and the

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Burton Way Hotels (collectively, "Hotel Defendants"). (*See* Proof of Service, *De La Huerta v. Weinstein*, No. 18STCV04723 (Cal. Super. Ct. Dec. 12, 2018) (Four Seasons); Proof of Service, *De La Huerta v. Weinstein*, No. 18STCV04723 (Cal. Super. Ct. Dec. 17, 2018) (Burton Way); Hotel Defs.' Suppl. Br. Ex. D ("Superior Court Docket"), ECF No. 19-4.)[2]

On January 10, 2019, Hotel Defendants demurred to Plaintiff's initial Complaint. (Mot. 3.) In response, Plaintiff filed a First Amended Complaint ("FAC") on February 4, 2019, and personally served Hotel Defendants that same day. (Mot. 3; Decl. of Aaron G. Filler ¶ 3, Ex. 2, ECF Nos. 4-1, 4-4.) The next day, Hotel Defendants requested that the Superior Court take the demurrer off calendar "per the filing of plaintiff's First Amended Complaint." (Off Calendar Notice, *De La Huerta v. Weinstein*, No. 18STCV04723 (Cal. Super. Ct. Feb. 5, 2019).) Due to Plaintiff's technical errors, the Superior Court electronic filing system rejected Plaintiff's FAC, and Plaintiff re-filed the same document on February 19, 2019. (Mot. 3–4; Opp'n to Mot. ("Opp'n") 3, ECF No. 14.) Plaintiff sent another copy of the FAC to Hotel Defendants via FedEx overnight service. (Opp'n 4.)

Plaintiff's FAC added a sixth cause of action asserting a claim under 18 U.S.C. § 1591. (Notice of Removal Ex. B ("FAC") ¶¶ 80–102, ECF No. 1-2.) On March 22, 2019, Hotel Defendants removed the action to this Court on the basis of federal question and diversity subject matter jurisdiction. (*See* Notice of Removal 4.) Plaintiff moves to remand this matter, asserting that Hotel Defendants' removal was untimely. (*See* Mot. 4.) Hotel Defendants oppose. (*See generally* Opp'n.)[3]

---

[2] The Court takes judicial notice of the docket and filings in the underlying Superior Court action, *De La Huerta v. Weinstein*, No. 18STCV04723 (Cal. Super. Ct. 2018), as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and are directly related to the matters at issue. Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

[3] The Court does not consider Plaintiff's late-filed reply in support of her motion for remand. *See* C.D. Cal. L.R. 7-12; (Minute Order, ECF No. 16; Reply, ECF No. 17).

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A plaintiff objecting to removal may move for remand due to lack of subject matter jurisdiction or other defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

## IV. DISCUSSION

Plaintiff moves for remand on the basis that Hotel Defendants' removal was untimely. (Mot. 4.)

"[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The thirty-day removal period begins to run upon receipt of the complaint after formal service has been effected; the "mere receipt" of a complaint without formal service does not trigger the removal clock. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011). Once the defendant is served with the summons, and is thus "brought under a court's authority," "the period for removal runs from the defendant's receipt of the complaint." *Quality Loan*, 635 F.3d at 1133; *Murphy Bros.*, 526 U.S. at 354, 356.

Hotel Defendants were served and demurred to Plaintiff's initial complaint and were thus formally brought under the court's authority. They received the FAC via personal service on February 4, 2019, which they further acknowledged the next day in their request that the pending state-court demurrer be taken off calendar "per the filing of Plaintiff's First Amended Complaint." (Off-Calendar Notice 1.) Thus, Hotel Defendants were formally under the court's authority on February 4, 2019, when they received the amended pleading that informed them the case was removable. As such, the removal clock began to run on this date.

Defendants had thirty days from February 4, 2019, to remove the action to federal court, or until March 6, 2019. They did not remove until March 22, 2019. Consequently, Hotel Defendants' removal was untimely, filed beyond the thirty-day period. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 4) and **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, Case No. 18STCV04723, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles California 90014. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

August 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**